## 23580. SMITH v. THE STATE.

CANDLER, Presiding Justice. Willie Smith was indicted in Richmond County for the offense of murder. The indictment alleges that he killed James T. Moates on January 24, 1965, by shooting him with a pistol. He was convicted of that offense and sentenced to life imprisonment. He filed an appeal to this court and within the time allowed by law enumerated as errors the occurrences which will be hereinafter considered and dealt with. *Held:*

1. Prior to pleading to the merits, the accused filed a motion to quash the indictment on the ground that he was arrested on a warrant issued on August 14, 1965, and was not given a commitment hearing until August 24, 1965, and on the further ground that since his arrest two terms of the court had been held at which he was not given a trial. On the hearing

of his motion and with respect thereto, the record shows that a warrant charging him with the murder of Moates was issued on August 23, 1965; that he was given a commitment hearing on the following day at which hearing he was held on the murder charge for grand jury investigation; and that he was indicted for murder on September 15, 1965. Respecting his contention that he was denied a speedy trial as guaranteed him by the State and Federal Constitutions, the record shows that his case was continued at one term after he was indicted on his motion therefor; that he agreed to a continuance of it at the next succeeding term; and that he was tried for the offense charged at the January term 1966. In these circumstances there is no merit in the contention that the court erred in failing to submit the issues raised by his motion to a special jury for determination and in refusing to quash the indictment against him.

2. Over an objection by the accused that he had not been previously informed of his constitutional right against self-incrimination, J. C. Carmain, a witness for the State, was allowed to testify to a conversation he overheard between the accused and Bobby Thurmond while they were confined as prisoners in the city jail of Augusta—a conversation in which the accused made certain incriminating statements. The allowance of this evidence over the objection made thereto was not erroneous. His statement was not made in response to any question propounded to him by the witness but was simply a conversation between the accused and Thurmond which the witness as a turnkey overheard while the accused and Thurmond were confined in separate cells of the city's jail.

3. A written confession which F. B. Boldin obtained from the accused on August 16, 1965, while he was in custody was allowed in evidence over an objection that it was not freely and voluntarily made. Over the same objection the witness Boldin was allowed to testify to an oral confession the accused made to him on the same day. As to the allowance of each confession in evidence, error is enumerated. Respecting them, the record shows: Boldin, a member of the Augusta police force, had been assigned to investigate the killing of Moates which occurred during a robbery on January 24, 1965, at the Kayo Service Station where Moates was working. Boldin had received information indicating the accused, a 19-year-old

Negro boy, was one of the persons who had participated in the killing. He had been looking for the accused for several days but was unable to locate him. On August 13, 1965, he left a note at police headquarters for some member of the force to pick him up on an idling and loitering charge. The accused was taken into custody at his mother's home about 3:40 a.m. on August 14, 1965, by a Negro policeman on Boldin's pick-up order. A few hours later the accused was tried in the recorder's court and on Boldin's testimony was convicted of idling and loitering and sentenced to serve 10 days in the city's stockade. Immediately after being sentenced, he was carried to an interrogation room at the police station and questioned by Boldin. At that time he denied any connection with the killing of Moates. Boldin and several other police officers continued to question him almost continuously for a period of three days before he admitted his participation in the homicide of Moates. Boldin testified that nearly every member of the police force questioned the accused before he admitted his participation in the homicide. The accused, as a witness in his own behalf, testified that some of the police officers, while he was being questioned and while detective Boldin was absent from the interrogation room, kicked and beat him repeatedly over a period of several hours and the record shows that the State called none of those officers to rebut his testimony. Hence, we hold that the court erred in allowing his two confessions in evidence under the facts shown by the record since it shows they were not freely and voluntarily made.

4. On the trial, counsel for the accused offered in evidence an official transcript of the testimony which the State introduced on the commitment hearing of his case which the court reporter had filed with the Clerk of the Superior Court of Richmond County, stating that it was offered for the purpose of impeaching the testimony of Kelsey Faison, a material witness for the State. At the time it was offered, counsel for the accused stated in his place that Faison's testimony on the commitment hearing was substantially different from that given by him on the trial. The solicitor general objected to its introduction but stated no ground therefor. On the objection made thereto, the court erred in excluding such proffered transcription of the evidence.

5. Error is also enumerated on the court's failure to charge "with-

out written request therefor, the laws of Georgia which deal with an arrest, with preliminary hearings and the Federal and State Constitutions as to warrants, due process of law and speedy trial, as the evidence shows that plaintiff in error's main defense was denial of due process of law." This criticism of the charge is too indefinite and too broad in its scope to raise any question for consideration by this court.

6. For the reasons stated in Divisions 3 and 4 a new trial must be and is ordered.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 11, 1966—DECIDED SEPTEMBER 8, 1966.

W. T. Mobley, for appellant.

George Hains, Solicitor General, John C. Bell, Assistant Solicitor General, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General, Charles B. Merrill, Jr., for appellee.