## 49168. BRYANT v. THE STATE.
## 49169. SMALLWOOD v. THE STATE.

STOLZ, Judge.

1. Inculpatory admissions as well as plenary confessions must be voluntary, and not induced by the slightest hope of benefit or the remotest fear of injury. *Mill v. State,* 3 Ga. App. 414 (60 SE 4); *Johnson v. State,* 1 Ga. App. 129 (57 SE 934).

In this case Bryant and Smallwood were separately indicted for a robbery which occurred on February 13, 1973, in Greene County, Georgia, and netted the defendants $87. The cases were tried together, at which trial there was evidence identifying Bryant as the woman driving the automobile and Smallwood as the person who entered and robbed the store.

On the trial two law enforcement officers were allowed to testify that after Bryant was arrested she was

offered immunity (or the help of the interviewers in obtaining immunity) if she would state what she knew about the alleged robbery. She admitted that she was driving and that Smallwood was her companion, along with other information which, while not acknowledging her personal guilt, in effect cinched the case against both parties. She then stated that she would not testify as stated because she feared reprisal by Smallwood. Defendant Bryant's admissions were made to the law enforcement officers in mid-May, 1973.

When this testimony was offered, objection was made on the ground that the information was elicited by hope of reward, but the trial court admitted it against *both* defendants. Whether or not they were accomplices or co-conspirators, has nothing to do with the admission of this evidence as against *Bryant.* Under Code § 38-411 it cannot be admitted against *her* over her objection. It is always reversible error to allow a confession or incriminatory admission in evidence against the maker thereof where it is not free and voluntary or made with *the hope of reward* (immunity). Code § 38-411; *Smith v. State,* 222 Ga. 438 (3) (150 SE2d 676).

2. Bryant's admission could not be used against Smallwood. As we have noted, the offense occurred on February 13, 1973. Bryant's admission was made in mid-May, 1973, some three months later. "The confession of one joint offender or conspirator, *made after the enterprise is ended,* shall be admissible only against himself." Code § 38-414. (Emphasis supplied.) The criminal enterprise had ended. There was nothing to be done in its furtherance. While it is true that concealment of the crime in many instances may continue the criminal enterprise as pending (see *Thompson v. State,* 58 Ga. App. 593, 597 (199 SE 568) and cits.), there is no evidence here that the conspirators "continued to be active in taking measures to prevent the discovery of the crime or the identity of those connected with its perpetration." *Thompson,* supra, p. 598. The mere failure of the conspirators to come forward and confess to the offense, does not satisfy the above test; thus the statement should be excluded as hearsay.

*Judgments reversed. Deen and Webb, JJ., concur.*

188

SUBMITTED APRIL 2, 1974 — DECIDED JUNE 20, 1974.

*M. C. Wright, II, Miles W. Lewis,* for appellants.
*Joseph H. Briley, District Attorney,* for appellee.